PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RALPH ARNOLD (# 388-487), ) | |
| ) | CASE NO. 4:15CV0345 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JAY FORSHEY, Warden, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 4] |

The within matter[1] came on for hearing on the record upon Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("motion") (ECF No. 4).

**I.**

After notice to the parties, the Court held a Telephonic Hearing on the motion. The Court has been advised, having reviewed the record, Plaintiff's pleadings and motion, Defendants' Response (ECF No. 6), and the applicable law. The Court has also considered the oral arguments of Plaintiff and Defense counsel, and the statements of First Assistant Federal Public Defender Jacqueline A. Johnson (as advisory counsel for Plaintiff) and Defendants Warden Jay Forshey, Deputy Warden Charmaine Bracy, and Lt. Debra Drummand.

**II.**

---

[1] Plaintiff's case still has to be screened under 28 U.S.C. § 1915A for frivolousness and other defects. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 3) is granted. *See* Minutes of Proceedings dated March 30, 2015.

(4:15CV0345)

Four factors are important in determining whether a preliminary injunction is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Am. Family Life Ins. Co. v. Hagan*, 266 F. Supp.2d 682, 687 (N.D. Ohio 2002) (O'Malley, J.). The standard for issuance of a temporary restraining order is identical. *N.E. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). In balancing the four considerations applicable to temporary restraining order/preliminary injunction decisions, the Court holds that equitable relief is not appropriate.

### III.

Plaintiff is a level 5B inmate, the highest of security levels, at the Ohio State Penitentiary Supermax prison. ECF No. 4 at PageID #: 44. On December 9, 2014, he stabbed a corrections officer in the neck. For the attack, Plaintiff was ordered to spend time in Local Control and was deprived of several privileges. *See* Doc 4-1, PageID # 70. He was placed on a behavior plan (ECF No. 4-1 at PageID #: 74) after being released from Local Control to his usual housing on February 17, 2015. Plaintiff complains about being placed on a "[behavior] plan that does not exist as a prison rule or regulation . . . or policy." ECF No. 4 at PageID #: 45. Contrary to Plaintiff's belief, Ohio Department of Rehabilitation and Corrections Policy 53-CLS-01 states

(4:15CV0345)

that inmates may be placed on "Special Management Status" whereby an inmate may have imposed upon him "housing and privilege limitations . . . *independent of his . . . security classification status*" (emphasis added). Doc 4-1 at PageID #: 77. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (stating that prison regulations are "primarily designed to guide correctional officials in the administration of a prison . . . [They are] not designed to confer rights on inmates").

Plaintiff also complains about being denied his personal property, legal materials and access to the courts, cell cleaning services, and recreational time. ECF No. 4 at PageID #: 46. The Court was informed by Deputy Warden Bracy that Plaintiff was offered the return of his personal property, but refused its return unless he was also given his television and CD player with adapter. According to the behavior plan (ECF No. 4-1 at PageID #: 74), Plaintiff "will not have a TV . . . [or] any electronics." The behavior plan provides, in pertinent part:

> . . . Each Monday [Plaintiff] will have an opportunity to earn back privileges lost [ ] or eliminate restrictions that are in place. [Plaintiff] will earn this in the following ways. It is expected that you remain [Rules Infraction Board] conviction free and Conduct Report free. This includes any incident reports written that relate to your behavior. Each week by doing the aforementioned expected things in addition to completing a Carey Guide bi-weekly, [Plaintiff] will be able to earn back one privilege or eliminate one restriction that is agreed upon by [Unit Manager Wolfe, Capt. Sanders, and a Mental Health Representative]. . . .

ECF No. 4-1 at PageID #: 74. Thus, the return Plaintiff's property is within his own control. He does not require the Court's intervention. He need only act in accordance with the institution's policy. Deference and flexibility are given to prison officials as they are "trying to manage a

3

(4:15CV0345)

volatile environment." *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1998) (quoting *Sandin*, 515 U.S. at 482).

It is undisputed that Plaintiff's claim that he was deprived of his legal materials and access to the courts is subject to constitutional scrutiny in this civil rights action under 42 U.S.C. § 1983. "It is well established that prisoners have a constitutional right of access to the courts." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977)); *see also Leveye v. Metropolitan Pub. Def. Office*, 73 Fed.Appx. 792, 794 (6th Cir. 2003). Such access to the courts must be "adequate, effective, and meaningful" and includes the right to prepare and file necessary legal documents. *Bounds*, 430 U.S. at 822. Deputy Warden Bracy stated that Plaintiff can write to the Court while in Local Control. In fact, Plaintiff prepared the Complaint (ECF No. 1) on February 10, 2015—seven days before he was released from Local Control. *See* ECF No. 1 at PageID #: 5.

Plaintiff also alleges that he has been subjected to inhumane conditions (*i.e.* lack of cell cleaning materials or services). ECF No. 4 at PageID #: 46. It is not disputed that Plaintiff currently has access to cell cleaning supplies and tools every Tuesday and Friday. The United States Supreme Court has held that a prison regulation impinging on inmates' constitutional rights "is valid if it is reasonably related to legitimate penological interests." *Lewis v. Casey*, 518 U.S. 343, 361 (1996) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). As the Court explained, such a deferential standard is necessary

> if "prison administrators . . ., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Jones v. North Carolina Prisoners' Union*, 433 U.S., at 128, 97 S.Ct., at 2539. Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would

(4:15CV0345)

> seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.

*Turner*, 482 U.S. at 89.

Finally, Plaintiff complains about being denied recreational time. According to Deputy Warden Bracy, Plaintiff is currently eligible for one hour of recreation five days per week.

### IV.

The Court holds that equitable relief is not appropriate.

Plaintiff has little likelihood of success on the merits of his claims. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Ohio Department of Rehabilitation and Corrections Policy 53-CLS-01 states that inmates like Plaintiff may be placed on "Special Management Status." Plaintiff has been offered the return of his personal property; and he can earn the return of his television and CD player with adapter by accepting the incentive to act in accordance with the behavior plan (ECF No. 4-1 at PageID #: 74). Plaintiff can write to the Court, even while in Local Control. So, he has access to the courts. Plaintiff also has access to cell cleaning materials every Tuesday and Friday. Finally, Plaintiff is currently eligible for one hour of recreation five days per week.

As importantly, Plaintiff is in some control of when he is able to enjoy certain privileges, including the return of his television and CD player with adapter. *See* ECF No. 4-1 at PageID #: 74 ("Each Monday [Plaintiff] will have an opportunity to earn back privileges lost [ ] or eliminate restrictions that are in place.").

5

(4:15CV0345)

Also, Plaintiff has not shown that he will suffer irreparable injury, if, as the defendants argue, the Court fails to order access to all of his personal property at all times, full unimpeded access to the Courts, the ability to clean his cell at will, and an end to restrictions on recreation activities.  ECF No. 6 at PageID #: 87.  *See also* *Rinehart v. Scutt*, 509 Fed.Appx. 510, 512 (6th Cir. 2013) (upholding district court's denial of injunctive relief in part because plaintiff-inmate failed to show that he was being deprived of a constitutional right).

Granting Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4), on the facts presented, would result in substantial harm to the Ohio State Penitentiary Supermax prison and unnecessarily abrogate the long-standing precedent that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. *Turner*, 482 U.S. at 89; *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Lastly, no public interest would be advanced in the issuance of a Temporary Restraining Order/Preliminary Injunction.  There is no public interest to be served in granting a motion enjoining corrections officials from using constitutional means to control an inmate's dangerous behavior.  *Utley v. Campbell*, 84 Fed.Appx. 627, 629 (6th Cir. 2003).

Accordingly, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) is denied.

Notice of this filing will be sent to Assistant Attorney General Thomas N. Anger by operation of the Court's electronic filing system.

The Clerk is directed to issue a copy of this Order by regular mail to Ralph Arnold, #388-487, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505; Warden Jay Forshey, 878

(4:15CV0345)

Coitsville-Hubbard Road, Youngstown, Ohio 44505; Gary C. Mohr, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505; Charmaine Bracy, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505; Debra Drummand, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505; and, by email to Laura Gardner at Laura.Gardner@odrc.state.oh.us.

   IT IS SO ORDERED.

|   March 31, 2015   |  /s/ Benita Y. Pearson  |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |