PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH ARNOLD, | ) | |
| | ) | CASE NO. 4:15CV0345 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAY FORSHEY, Warden, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

On February 23, 2015, *Pro Se* Plaintiff Ralph Arnold, an inmate at the Ohio State Penitentiary ("OSP"), filed this 42 U.S.C. § 1983 action against the following Defendants: OSP Warden Jay Forshey, OSP Deputy Warden Charmaine Bracy, OSP Rules Infraction Board ("RIB") Chairman Lt. Debra Drummond, OSP Warden Assistant Laura Gardner, and Ohio Department of Rehabilitation and Correction Director Gary C. Mohr. On March 18, 2015, Plaintiff filed a Motion for Leave to File the Attached Amended Complaint (ECF No. 3) and a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4). Following a telephonic hearing on March 30, 2015, the Motion for a Temporary Restraining Order and Preliminary Injunction was denied. *See* Memorandum of Opinion and Order (ECF No. 8). The Court also granted the Motion for Leave. *See* Minutes of Proceedings dated March 30, 2015.

**I. Background**

In the Amended Complaint (ECF No. 14), Plaintiff alleges that, on December 9, 2014, he was placed in the Segregation Unit at OSP "for an alleged rule violation involving a C/O." ECF

(4:15CV0345)

No. 14 at PageID #: 148.  He was found guilty of a rules violation on December 16, 2014, and placed in the Local Control ("LC") unit, with 90 days recreation restriction.  Plaintiff complains that the LC unit is not in an area separate from the Segregation Unit, and that his placement in LC is "illegal."  ECF No. 14 at PageID #: 148.  He makes general allegations that the finding against him was unsupported and not in accordance with due process.  Plaintiff further alleges, in summary terms, that he has been denied access to legal mail, personal property, and cell cleaning.  He objects to having been placed on a behavior plan.  Documents relating to the RIB proceedings and related appeals, attached to the Amended Complaint (ECF No. 14-1), reflect that Plaintiff waived his right to attend the RIB hearing, at which he was found to have stabbed a corrections officer in the neck—near fatally—when the officer was in the process of removing Plaintiff's handcuffs.  The finding was based on video evidence and two shanks recovered from the scene.  Plaintiff asserts claims under the Fourth, Fifth, Eighth and Fourteenth Amendments.

## II.  Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the pleading fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is

(4:15CV0345)

entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. Law and Analysis

There are no allegations contained in the Amended Complaint (ECF No. 14) even suggesting a factual basis for claims under the Fourth, Fifth or Fourteenth Amendments.

(4:15CV0345)

Moreover, the Amended Complaint (ECF No. 14) does not contain allegations sufficient to support an Eighth Amendment claim for relief.

Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). This does not, however, mandate that a prisoner be free from discomfort or inconvenience during his incarceration. *Id.* Prisoners cannot "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus–X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999) (en banc) (Suhrheinrich, J., concurring in part and dissenting in part). The Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (requiring extreme or grave deprivation).

In sum, even liberally construed, the Amended Complaint (ECF No. 14) sets forth essentially conclusory and otherwise insufficient claims. *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("conclusory allegations of unconstitutional conduct" are insufficient to support a claim). Furthermore, the hearing conducted by the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) established, without dispute, that Plaintiff:  stabbed the corrections officer; has been provided materials to clean his

4

(4:15CV0345)

cell twice per week; can mail and has freely mailed documents for filing with the Court; can obtain return of his television and CD player by complying with the behavior plan that was understandably imposed upon him; and, is afforded one hour of recreation five days per week.

### IV. Conclusion

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's pending motions (ECF Nos. 2, 9 and 13) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

| | |
|---|---|
| _July 29, 2015_ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

5